## Isaac Speer

*v.*

## Benjamin F. Hadduck.

1. **Conveyance by attorney**—*must be executed in the name of principal.* A mortgage contained a power of·sale authorizing the mortgagee, his personal representatives or assigns, to sell the premises, and *as the attorney* of the mortgagor, to execute deed to the purchaser : *Held*, that the assignee of the mortgagee could only convey the title as the attorney of the mortgagor, and by using the name of his principal in the conveyance; a deed made by the assignee in his own name as grantor, was held not to pass the title.

2. **Assignee of mortgage**—*character of his title to the premises.* An assignee of a mortgage cannot recover the premises in ejectment, where he claims to be the owner in *fee simple.*

WRIT OF ERROR to the Superior Court of Chicago.

This was an action of ejectment instituted in the court below, by Hadduck, against Speer, to recover the possession of a part of lot number one, in block number one hundred and forty-one, in the School Section Addition to Chicago, the plaintiff claiming to be the owner in fee simple of the premises, and deriving title from Speer in the following manner :

In March, 1856, Speer and his wife executed a mortgage upon the premises in controversy, to Calvin H. Goodman, to secure the payment of a bond for the sum of $10,000 ; the mortgage containing a power of sale, as follows :

"It shall be lawful for the said party of the second part, his personal representatives or assigns, either in person, or by attorney duly constituted, to enter upon all and singular the premises hereby conveyed, and either in person, or by attorney, to sell the same at public auction, after having first given thirty (30) days' notice of the time and place of sale, (such sale to be made in the city of Chicago,) by advertisement in any one of the daily newspapers that may at that time be published in said city of Chicago, (personal notice of such sale to said party of the first part being hereby expressly waived,) and *as the attorney* of the said party of the first part, by these presents for such purpose duly constituted, to make, execute and deliver to the purchaser or purchasers at such sale, a good and sufficient deed of conveyance for the same," etc.

The bond and mortgage were assigned by Goodman to Seth Terry, and by Terry to Elisha S. Wadsworth, who, in default of payment of the bond, advertised the premises for sale in the manner prescribed in the mortgage, and in pursuance of the notice given, proceeded to make the sale, on the 7th of June, 1859, at public auction. Hadduck, the plaintiff below, became the purchaser, at the sum of $11,200. Wadsworth executed a deed of conveyance for the premises to Hadduck, *in his own name*, and not as the attorney of Speer and wife, under the authority conferred by the mortgage, the

deed reciting that the party of the first part "doth hereby bargain, sell, convey, remise, release and quit-claim to said party of the second part, his heirs and assigns forever, all the right, title and interest, either in law or equity which the said party of the first part hath acquired by virtue of the said assignment of the said mortgage deed above mentioned, of, in and to the lands, tenements and premises hereinbefore described," etc.

The jury returned a verdict for the plaintiff, finding him to be the owner of the premises, in fee simple, and judgment was entered accordingly. Thereupon the defendant, Speer, sued out this writ of error.

Two questions are presented upon the record: *first*, whether the deed from Wadsworth to Hadduck, being executed in the individual name of the grantor, and not as attorney under the mortgage, conveyed the title; *second*, whether, if Hadduck were regarded as assignee of the mortgage, he could recover in ejectment, as holding the title *in fee simple.*

Messrs. GLOVER, COOK & CAMPBELL, for the plaintiff in error.

1. Wadsworth had no authority to make any deed at all. He was neither the mortgagee nor the mortgagee's personal representative, nor his *legal* assignee, and no other person had authority under the mortgage either to sell, or make a deed.

2. The deed from Wadsworth to Hadduck was not within the scope of the authority contained in the mortgage, and therefore was of no force or effect as against the mortgagor, and conveyed no title to Hadduck.

The mortgage directed the mortgagee, his personal representatives or assigns, as the case might be, *as the attorney in fact of the mortgagor, to convey in his name*, and not otherwise.

Many analogous cases in regard to trustees and agents are found in the books, and in them it is uniformly held, that the conveyances made and acts done must be strictly within the scope of the authority, or they are void. *Stainbach* v. *Reed,*

28

11 Grat. 281; *Osborne* v. *Homer*, 11 Ind. 359; *Pursley* v. *Morrison et al.*, 7 Ind. 356; *Bloom* v. *Rensselaer et al.*, 15 Ill. 502; *Mathews* v. *Hamilton et al.*, 23 Ill. 470; *Blinn* v. *Evans*, 24 Ill. 317; *Fowler* v. *Shearer*, 7 Mass. 14; *Elwell* v. *Shaw*, 16 ib. 42; 5 Peters, 319; 4 Hill, 351; 7 Cowen, 453; Story on Agency, secs. 147, 148, and cases cited in notes.

Messrs. WILLIAMS, WOODBRIDGE & GRANT, for the defendant in error.

The objection that the deed of Wadsworth to appellee was in his own name, instead of that of the grantors in the mortgage, cannot be sustained, because Wadsworth, as assignee, stood in the place of the mortgagee, who not only has a power coupled with an interest, but after condition broken is the owner of the fee, and therefore at liberty to sell in his own name. *Gideon* v. *Doe ex dem. Tout*, 7 Blackf. 210; *Vansant* v. *Allman*, 23 Ill. 33; *Carroll* v. *Ballance*, 26 Ill. 17; *Longwith* v. *Butler*, 3 Gilm. 32; *Bloom* v. *Rensselaer*, 15 Ill. 506; Story on Agency, secs. 150, 164; *Wilson* v. *Troup*, 7 Johns. R. 25; *Curden* v. *Morgan*, 18 Vesey, 394; *Hunt* v. *Rousmanieres' Adm'r*, 2 Mason, 244; Same case, 3 Mason, 294; *Bergen* v. *Bennett*, 1 Caines' Cas. E. 1.

But in case the execution of the power of sale is held irregular or faulty by this court, as we think it will not, the appellee is still entitled to recover in this action as assignee of the mortgage and the deed from Wadsworth to him, will operate as an assignment of the mortgage.

"The conveyance by a mortgagee under the power of sale in his mortgage, even if the proceeding to foreclose be irregular, yet carries all his interest to the purchaser, as well in the debt as in the land mortgaged; such a deed operates as a good assignment of the mortgage, and the purchaser may claim as assignee of the mortgage." *Jackson* v. *Bowen*, 7 Cowen R. 13; *Grosnover* v. *Day*, 1 Clarke's Ch. R. 109; *Birch* v. *Wright*, 1 Term. 383; 10 Johns. 480; 4 ib. 216; *Weaver* v. *Belcher*, 3 East, 349; *Carroll* v. *Ballance*, 26 Ill. 9.

Mr. Chief Justice Caton delivered the opinion of the Court.

Speer and wife executed a mortgage to Goodman, who assigned the same to Terry, who assigned to Wadsworth. The mortgage contained a power of sale as follows: "It shall be lawful for the said party of the second part, his personal representatives or assigns, either in person, or by attorney duly constituted, to enter upon all and singular the premises hereby conveyed, and either in person, or by attorney, to sell the same at public auction, after having first given thirty (30) days' notice of the time and place of sale, (such sale to be made in the city of Chicago,) by advertisement in any one of the daily newspapers that may at that time be published in said city of Chicago, (personal notice of such sale to said party of the first part being hereby expressly waived,) and *as the attorney* of the said party of the first part, by these presents for such purpose duly constituted, to make, execute and deliver to the purchaser or purchasers at such sale, a good and sufficient deed of conveyance for the same," etc.

Wadsworth advertised, sold and conveyed the premises in his own name, and not in the name and as the attorney of the mortgagors. And the only question is, whether this conveyed a good title in fee simple to the purchaser, Hadduck. Manifestly it did not. He could only make the sale and conveyance under and in pursuance of the power contained in the mortgage; and that power he was bound strictly to follow. That power did not authorize him to sell and convey the premises in his own name, but it expressly required him to do that as the attorney of the mortgagors, and this he could only do by using the name of his principal. If it be said that this conveyance at least operated as an assignment of the mortgage, and that Hadduck, as such assignee, had a right to recover on the mortgage for condition broken, then the verdict and judgment were wrong, for they find and adjudge that Hadduck has the fee simple of the premises.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*